944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eldred HARRIS, Plaintiff-Appellant,
v.
MARQUETTE COUNTY, MICHIGAN, David J. Roberts, Osstyn, Bays,
Ferns and Spray, Defendants-Appellees.
 No. 91-1362.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff appeals the judgment and order granting a petition for rehearing which dismissed his 42 U.S.C. § 1983 civil rights action and granted a permanent injunction against him from filing an action against Burkhart, an attorney for one of the defendants.
 
 
 4
 Plaintiff filed a complaint against Marquette County, David J. Roberts and the law firm of Osstyn, Bays, Ferns and Spray. He alleged that the defendants created and enforced a fraudulent judgment of divorce which resulted in his civil rights being violated.
 
 
 5
 A report and recommendation was filed recommending that the motions for summary judgment be granted and the injunction be granted. Plaintiff objected, to which the defendants replied. By opinion and judgment entered October 26, 1990, the district court accepted the magistrate's recommendation in part. It granted the motions for summary judgment for the defendants and denied the injunction as to Burkhart, attorney for a defendant. An attorney filed a motion for rehearing on behalf of the plaintiff, and the defendant law firm also filed a rehearing regarding the denial of the injunction. The district court judge by order entered February 7, 1991, denied the motion of the plaintiff, granted the rehearing of the defendant and entered a permanent injunction prohibiting plaintiff from suing attorney Burkhart. Plaintiff timely appealed.
 
 
 6
 On appeal, plaintiff alleges that the entry of the incorrect divorce judgment and the subsequent entry of a reconstructed corrected divorce judgment resulted in no valid judgment of divorce and made all judgments against plaintiff invalid and void. Because such documents were allegedly void, he asserts that the defendant law firm acted under color of state law in using copies of such documents filed in a state court. He further alleges that he did not voluntarily enter into the release with the defendant law firm. He also argues that it was improper for the court to give a nonparty, a defendant's attorney, injunctive relief.
 
 
 7
 After careful consideration of the matter, it is ORDERED that the judgment of the district court and the order granting the injunction be affirmed for the reasons stated in the magistrate's May 14, 1990, report and recommendation; the district court's opinion filed October 23, 1990; and the district court's order filed February 5, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation